*309
 
 By the Court.
 

 The Court of Appeals of the Fourth District certified this cause to this court because the judgment pronounced by it was in conflict with a judgment on the same question pronounced by the Court of Appeals of the Third District, sitting in Van Wert county, in the case of
 
 Stewart
 
 v.
 
 State,
 
 reported in 105 Ohio St., 625, 138 N. E., 876. The conflict arose on the charge of the court.
 

 Erie Sheets was indicted for murder in the second degree, and convicted of manslaughter. His defense in the trial court was that the killing was justified on the ground of self-defense — in the defense of himself and of his wife whom he claimed was being assaulted at the time of the killing. At the trial the court gave, as part of his general charge on self-defense, the following instruction to the jury:
 

 “If you find that the defendant, Erie Sheets, * * * was attacked or assaulted by Aaron Sheets, or if you find that the defendant’s wife, without fault on her part, was attacked or assaulted by Aaron Sheets, in the defendant’s presence, and the defendant,
 
 as would any man of ordinary prudence or firmness,
 
 then honestly and sincerely believed that he or his wife was in imminent danger of receiving serious bodily injury, * * * and you further find that the circumstances were such as would have justified a
 
 reasonably cautious
 
 person in believing that danger of injury was imminent,” etc., then the defendant should be acquitted.
 

 In charging what any
 
 man of ordinary prudence
 
 might do, or whether the circumstances justified a
 
 reasonably cautious
 
 man in believing in the im
 
 *310
 
 mi nancy of the danger, etc., the trial court erred. In the
 
 Marts case, post,
 
 self-defense justification is placed on the grounds of the
 
 bona fides
 
 of defendant’s belief, and reasonableness therefor, and whether, under the circumstances, he exercised a careful and proper use of his own faculties.
 

 While the courts of some states uphold this charge substantially as in the form given, the law of this state, for many years, has been otherwise, as shown in the reported case of
 
 Marts
 
 v.
 
 State,
 
 26 Ohio St., 162. The
 
 Marts case
 
 was approved in the per curiam in
 
 Napier
 
 v.
 
 State,
 
 90 Ohio St., 276, 278, 107 N. E., 535, wherein it is stated: That the Marts “rule has long been enforced in the courts of the state and has become firmly fixed as part of our criminal jurisprudence.”
 

 The Court of Appeals did not err in reversing the trial court because of above error in the charge. While other parts of the charge were subject to criticism, we do not think them prejudicial. For the reasons stated the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.