## NELSON v STATE

Ohio Appeals, 4th Dist, Athens Co

Decided March 19, 1932

Woolley & Rowland, Athens, for plaintiff in error.

John W. Bolin, Prosecuting Attorney, Athens, for defendant in error.

MAUCK, PJ.

Under these circumstances the defendant was entitled to a charge upon the law of self defense that adequately protected him. In one instruction given by the court at the request of the defendant the law of self defense was accurately defined, and it was said that the defendant could invoke that doctrine if in the careful and proper use of his faculties he bona fide believed and had reasonable grounds to believe that the killing was necessary. In the general charge of the court, however, the jury was told that while a man has a right to repel force by force, even to the extent of taking life in defense of his person, still

" a bare fear, however, of being killed, or of receiving bodily harm, is not sufficient to justify one in inflicting serious injury or death upon another. It must appear that the circumstances were sufficient to excite the fear of a reasonable person similarly situated, and that the defendant acted in good faith."

216

While the courts of this state have not always pursued an even course in defining the fear which one must entertain in order to rely upon self defense it seems now to be finally determined that guilt is personal, and that the conduct of any individual is to be measured by that individual's equipment mentally and physically. He may act in self defense not only when a reasonable person would so act but when one with the particular qualities that the individual himself has would so do. A nervous, timid, easily frightened individual is not measured by the same standard that a stronger, calmer and braver man might be. **State v Sheets, 115 Oh St 308.**

There was a further error in the case in excluding the defendant's testimony as to what he knew of the character of Cooper. The defendant was not proposing to prove a general reputation of the decedent but was seeking to prove the character of the decedent as the accused knew it. He proposed on the stand to testify to the way in which the decedent had conducted himself toward the latter's wife and children. He proposed to show that the decedent was a man of rough habits, overbearing, domineering and given to cursing and abusing the members of his own household. It appears to us that the jury, in determining whether this infirm old man was actually afraid of this young strong man, ought to have known how the old man viewed the young man, and that the jury was deprived of an essential element in the case when it was not permitted to know what the defendant had seen and heard the decedent actually do.

The other errors arising are without substance.

For the error in the charge pointed out and for the refusal to admit the defendant's testimony as to what he knew of the decedent's conduct the judgment is reversed and the case remanded for a new trial.

MIDDLETON and BLOSSER, JJ, concur.