DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas which, following a jury trial, found appellant, Alphonso Darden, guilty and sentenced him to a term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On June 8, 2000, appellant was indicted on twelve counts: two counts of robbery in violation of R.C. 2911.02(A)(2); one count of receiving stolen property in violation of R.C. 2913.51; one count of tampering with evidence in violation of R.C. 2921.12(A); two counts of theft in violation of R.C. 2913.02(A)(1); one count of intimidating a crime victim in violation of R.C. 2921.04(B); four counts of aggravated robbery in violation of R.C. 2911.01(A)(1); and one count of felonious assault in violation of R.C. 2903.11(A)(1). Each of the last six counts contained a firearm specification. Each of the last five counts and the first two counts contained a specification that appellant did cause or threatened to cause physical harm during the commission of the offense.
 {¶ 3} Appellant entered pleas of not guilty on June 21, 2000. Appellant's trial commenced on October 2, 2000. On October 5, 2000, the jury found appellant guilty of one count of receiving stolen property; one count of tampering with evidence; one count of theft; one count of aggravated robbery with a firearm specification and a specification that appellant did cause physical harm during the commission of the offense. Appellant was found not guilty of the other charges.
 {¶ 4} Appellant's sentencing hearing was held on October 19, 2000. Appellant was sentenced to eleven months on the receiving stolen property count, to four years on the tampering with evidence count, to six months on the theft count, all to be served concurrently to a term of nine years on the aggravated robbery count. Appellant was also sentenced to three years on the firearm specification charge to be served consecutively and prior to the sentences imposed on the other counts. At sentencing, appellate counsel was appointed by the court. However, that attorney did not file a notice of appeal and another attorney agreed to file the appeal. The second attorney then lost his license to practice and an appeal was never filed. No motions to withdraw were ever filed.
 {¶ 5} On March 30, 2001, appellant filed a petition to vacate and set aside sentence pursuant to R.C. 2953.21, arguing that appointed appellate counsel provided ineffective assistance by failing to file a timely notice of appeal. The state filed a motion to dismiss appellant's petition and appellant filed an answer to the state's motion to dismiss. On October 19, 2001, the trial court entered a judgment entry granting appellant's motion to vacate his sentence and re-imposed appellant's sentence. On November 7, 2001, appellant filed a timely notice of appeal.
 {¶ 6} Appellant sets forth the following three assignments of error:
 {¶ 7} "FIRST ASSIGNMENT OF ERROR
 {¶ 8} "Mr. Darden was denied due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10
and 16 of the Ohio Constitution when the prosecutor improperly inferred that his `background' as a felon and inmate at Lucasville proved Mr. Darden did not act in self-defense.
 {¶ 9} "SECOND ASSIGNMENT OF ERROR
 {¶ 10} "Mr. Darden's trial attorney provided ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Section 10 Article I, of the Ohio Constitution by failing to object to improper bad acts inferences drawn by the prosecution and by failing to request a curative instruction.
 {¶ 11} "THIRD ASSIGNMENT OF ERROR
 {¶ 12} "Mr. Darden received ineffective assistance of counsel when his attorney failed to object to prejudicially vague and incorrect jury instructions on self-defense in violation of the Sixth Amendment to the United States Constitution and Section 10 Article I, of the Ohio Constitution."
 {¶ 13} In his first assignment of error, appellant argues that he was denied due process of law. Specifically, appellant cites the prosecutor's cross-examination of appellant regarding his prior convictions and incarceration and the prosecutor's comments during closing argument regarding appellant's prior incarceration. This court finds no merit in this assignment of error.
 {¶ 14} Because appellant did not object to any of the complained instances of prosecutorial misconduct, this court reviews this assignment of error for plain error, Crim.R. 52(B). "[N]otice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v.Landrum (1990), 53 Ohio St.3d 107, 111.
 {¶ 15} The test regarding prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. State v. Lott (1990),51 Ohio St.3d 160, 165; State v. Smith (1984), 14 Ohio St.3d 13, 14. In making this determination, an appellate court should consider the following factors: (1) the nature of the remarks; (2) whether an objection was made by trial counsel; (3) whether the court gave corrective instructions; and (4) the strength of the evidence against the defendant. State v. Braxton (1995), 102 Ohio App.3d 28, 41. An appellate court should also consider whether the misconduct was an isolated incident in an otherwise properly-tried case. State v. Keenan
(1993), 66 Ohio St.3d 402, 410. Misconduct of a prosecutor at trial will not be considered grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Maurer (1984), 15 Ohio St.3d 239,266. "The touchstone of analysis `* * * is the fairness of the trial, not the culpability of the prosecutor * * *.'" State v. Underwood
(1991), 73 Ohio App.3d 834, 840-41. Furthermore, a prosecutor is afforded wide latitude in closing arguments. State v. Jacks (1989),63 Ohio App.3d 200, 210.
 {¶ 16} This court has thoroughly examined each alleged instance of prosecutorial misconduct in light of the entire case, Maurer, supra, and believes, beyond a reasonable doubt, that the jury would have found appellant guilty absent the prosecutor's remarks. United States v.Hasting (1983), 461 U.S. 499, 512. The jury was well aware of appellant's criminal past as appellant himself testified on direct examination regarding his prior convictions and his approximately twenty-four years of incarceration. Appellant argues that the prosecutor committed misconduct by bringing attention to appellant's incarceration in Lucasville when he asked appellant if Lucasville was one of the toughest prisons in Ohio; by asking appellant if he ever received discipline while in prison; and by asking if appellant had ever violated parole. Appellant also argues that the prosecutor committed misconduct during the following questioning during which appellant denied he went to the victim's apartment to collect money with a gun:
 {¶ 17} "[Prosecutor] Q. Now, you testified that also you went — and now this is getting back to this case; that you had went to Giliman's home for the purpose of collecting money, correct? You testified to that, correct?
 {¶ 18} "[Appellant] A. Yeah to get my money.
 {¶ 19} "[Prosecutor] Q. Right. You also testified that prior to that date, that according to you, that he had threatened you at gunpoint before that?
 {¶ 20} "[Appellant] A. Yeah.
 {¶ 21} "[Prosecutor] Q. Okay. You also testified that you heard before this time that he had guns, correct?
 {¶ 22} "[Appellant] A. Well, I knew that he had guns.
 {¶ 23} "[Prosecutor] Q. You also testified that you had heard that he had shot Travis Terrell, correct?
 {¶ 24} "[Appellant] A. Yeah.
 {¶ 25} "[Prosecutor] Q. Now, so you testified to all these facts, and you've also testified to your history, you know, as far as in prison in previous offenses, and your testimony is that you went there with no guns?
 {¶ 26} "[Appellant] A. That"s the truth.
 {¶ 27} "[Prosecutor] Q. Okay. That's rather hard to believe, that given that testimony, that someone with your background and given what you say you knew, or you say happened with regard to him threatening you with a gun, that you would go there for the purpose of collecting money without packing some heat; isn't that —
 {¶ 28} "[Appellant] A. My purpose for going there doesn't suggest that I needed a gun to go there to do what I went there to do.
 {¶ 29} "[Prosecutor] Q. Well, it doesn't make any sense, does it, Mr. Darden?
 {¶ 30} "[Appellant] A. Well, it makes a lot of sense because for someone who's been convicted of a crime, I already knew, if I do anything out here, number one, by me being a convicted felon, having been on parole, and being released off parole, I"m not supposed to have any guns, period.
 {¶ 31} "[Prosecutor] Q. Well, you're not supposed to be doing drugs either?
 {¶ 32} "[Appellant] A. But that's not the point. The point is we're talking about a gun. We're not — we're talking about a gun."
 {¶ 33} However, a defendant who testifies may be asked questions on cross-examination concerning prior convictions. State v. Kaiser
(1978), 56 Ohio St.2d 29, 32. Appellant himself on direct examination raised the issues of his previous convictions. The manner in which prior convictions are obtained is fair game for both cross-examination and closing argument when the defendant himself testifies to the subject on direct examination. State v. Hartford (1984), 21 Ohio App.3d 29, 31. As noted by the Ohio Supreme Court in State v. Landrum (1990),53 Ohio St.3d 107, 111, in which a defendant in a death penalty case argued several acts of prosecutorial misconduct, including misconduct during cross-examination of the defendant, "[when] * * * the defendant offers himself as a witness, testifies on his own behalf, he thereby subjects himself to the same rules, and may be called on to submit to the same test as to his credibility as may legally be applied to other witnesses * * *."
 {¶ 34} Also, there was ample evidence from which the jury could have concluded appellant was guilty of the four counts. The victim and other witnesses testified as to the incident that led to appellant's indictment on the counts involving the victim. The testimony contradicted appellant's claim of self-defense. Furthermore, several items taken during the incident were found on appellant's person the following day. The fact that the jury found appellant not guilty of eight of twelve counts is an indication that the jury considered the evidence and found appellant guilty only of those counts involving the injured victim.
 {¶ 35} Accordingly, appellant's first assignment of error is found not well taken.
 {¶ 36} This court will address appellant's second and third assignments of error together as they require the same analysis. In his second assignment of error, appellant argues that his trial attorney provided ineffective assistance of counsel by failing to object to the questions about and references to alleged prosecutorial misconduct discussed in appellant's first assignment of error. In his third assignment of error, appellant argues that his trial attorney provided ineffective assistance of counsel by failing to object to the jury instructions on self-defense. This court finds no merit in these assignments of error.
 {¶ 37} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorneys' deficient performance. Id. at 693.
 {¶ 38} Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156; State v. Martens (1993), 90 Ohio App.3d 338,351.
 {¶ 39} It is well established that the constitution does not guarantee a perfect trial or even the best available defense. TheSixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. Id. at 351.
 {¶ 40} Effective assistance of counsel does not guarantee results. State v. Longo (1982), 4 Ohio App.3d 136. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart
(1988), 57 Ohio App.3d 4, 10.
 {¶ 41} In appellant's second assignment of error, he contends that his trial counsel was ineffective in failing to object to the prosecutor's questions about and closing argument references to his prior incarceration. Having found appellant's first assignment of error not well-taken because we found no prosecutorial misconduct in light of the entire case, this court finds that appellant's trial counsel was not ineffective in failing to object to the prosecutor's questions about and references to appellant's prior incarceration.
 {¶ 42} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 43} In appellant's third assignment of error, he contends that his trial counsel was ineffective in failing to object to jury instructions on self-defense. This court finds no merit in this assignment of error.
 {¶ 44} Self-defense is an affirmative defense for which the accused bears the burden of proof. State v. Davis (1982),8 Ohio App.3d 205, 208-09. In order to establish self-defense, the defendant must establish the following: (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona-fide belief that he was in imminent danger of death or great bodily harm, and that the only means of escape from the danger was in the use of force; and (3) that the defendant did not violate any duty to retreat or avoid the danger. State v. Robbins (1979),58 Ohio St.2d 74, paragraph two of the syllabus.
 {¶ 45} The trial court gave the following instruction on self-defense, following 4 Ohio Jury Instructions § 411.33 and § 411.35:
 {¶ 46} "If your verdict is guilty, you will separately determine beyond a reasonable doubt whether the defendant did cause physical harm to Jerry Gillman. Now, if you find that the State proved beyond a reasonable doubt all the essential elements of Receiving Stolen Property, that is Court Three; Theft, Count Eight; Felonious Assault, Count 10; Aggravated Robbery, Count 11 and Aggravated Robbery Count 12, and the defendant failed to prove by the preponderance of the evidence the defense of self-defense, which I will explain to you in a minute, your verdict must be guilty of that offense or offenses.
 {¶ 47} "On the other hand, if you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offenses of Receiving Stolen Property, Court Three, Theft, Count Eight, Felonious Assault, Court 10, Aggravated Robbery, Count 11; and Aggravated Robbery, Count 12, or if you find that the defendant proved by a preponderance of the evidence the defense of self-defense, which I will instruct you on in a minute, your verdict must be not guilty of that offense or offenses that I have enumerated.
 {¶ 48} "The defendant is asserting an affirmative defense known as self-defense. The burden of going forward with the evidence of self-defense and the burden of proving an affirmative defense are upon the defendant. He must establish such a defense by a preponderance of the evidence. Preponderance of the evidence is the greater weight of the evidence. That is, evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighed. Quality may or may not be identical with quantity.
 {¶ 49} "In determining whether or not an affirmative defense has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that affirmative defense, regardless of who produced it. If the weight of the evidence is equally balanced or if you are unable to determine which side of an affirmative defense has the preponderance, then the defendant has not established such issue. If the defendant fails to establish the defense of self-defense, the State sill must prove to you beyond a reasonable doubt all the elements of the crimes charged.
 {¶ 50} "To establish self-defense, the defendant must prove the defendant was not at fault in creating the situation giving rise to the event in question; and the defendant had reasonable grounds to believe and an honest belief, even though mistaken that he was in imminent or immediate danger of bodily harm and that his only means to protect himself from such danger was by the use of force not likely to cause death or great bodily harm. Words alone do not justify the use of force. Resort to such force is not justified by abusive language, verbal threats or other words, no matter how provocative.
 {¶ 51} "In deciding whether the defendant had reasonable grounds to believe and an honest belief that he was in imminent or immediate danger of death or great bodily harm or bodily harm, you must put yourself in the position of the defendant, with his characteristics, and his knowledge or lack of knowledge, and under the circumstances and conditions that surround him at the time. You must consider the conduct of Jerry Gillman and decide if his acts and words caused the defendant, reasonably and honestly, to believe that he was about to be killed or receive great bodily harm or receive bodily harm.
 {¶ 52} "The law does not measure nicely the degree of force which may be used to repel an attack; however if the defendant used more force than reasonably appears to be necessary under the circumstances and if the force used is so greatly disproportionate to his apparent danger as to show an unreasonable purpose to injure Jerry Gillman, then the defense of self-defense is not available."
 {¶ 53} Although Ohio Jury Instructions are not mandatory, they are recommended instructions that are based primarily upon case law and statutes, crafted by eminent jurists to assist trial judges with correctly and efficiently charging the jury as to the law applicable in a particular case. State v. Martens (1993), 90 Ohio App.3d 338, 343. InState v. Thomas (1997), 77 Ohio St.3d 323, 330, the Ohio Supreme Court approved instructions on self-defense almost identical to those used by the trial court in the case sub judice. The court stated:
 {¶ 54} "The trial court's instructions correctly emphasized to the jury that the second element of self-defense is a combined subjective and objective test. As this court established in State v. Sheets (1926),115 Ohio St. 308, 310, 152 N.E. 664, self-defense `is placed on the grounds of the bona fides of defendant's belief, and reasonableness therefor, and whether, under the circumstances, he exercised a careful and proper use of his own faculties.' (Emphasis sic.) * * *
 {¶ 55} "* * *
 {¶ 56} "The jury instructions given by the trial court in the case sub judice properly instructed the jury to consider all the circumstances when determining if appellant had an objectively reasonable belief of imminent danger and whether she subjectively honestly believed she was in danger of imminent harm." Id. at 330-331.
 {¶ 57} This court finds that the jury instruction on self-defense was not erroneous. Thus, it follows that appellant's ineffective assistance of counsel argument, based upon the allegedly erroneous jury instruction, must be rejected. Contrary to appellant's contention, the fact that defense counsel failed to object to the trial court's jury instruction on self-defense does not rise to the level of ineffective assistance of counsel in light of the evidence.
 {¶ 58} Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 59} On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Erie County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.