[Cite as *State v. Ulrich*, 2012-Ohio-3726.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 24578 |
| | : | |
| v. | : | Trial Court Case No. 06-CR-5284 |
| | : | |
| STEVEN M. ULRICH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of     August     , 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

STEVEN M. ULRICH, #547-557, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant, Pro Se

JASON A. CAVINDER, Atty. Reg. #0081371, 424 Patterson Road, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

RICE, V.J.

{¶ 1}    Appellant, Steven M. Ulrich, appeals from the judgment of the Montgomery

County Court of Common Pleas resentencing him pursuant to a previous order of this court. Appellant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) asserting the record is devoid of any non-frivolous issues for this court's review. Appellant subsequently filed a pro se brief taking issue with his trial counsel's performance. For the reasons discussed below, we affirm the judgment of the trial court.

{¶ 2} On December 14, 2006, appellant stabbed two individuals with a knife. He was indicted and charged with two counts of felonious assault with a deadly weapon and two counts of felonious assault resulting in serious bodily harm. After trial by jury, appellant was found guilty on all counts. He was ultimately sentenced to a combination of consecutive and concurrent prison terms totaling ten years. Appellant appealed his conviction challenging, inter alia, his trial counsel's effectiveness. This court, in *State v. Ulrich*, 2d Dist. Montgomery No. 22129, 2008-Ohio-3608 (*Ulrich I*), affirmed the trial court's judgment.

{¶ 3} Appellant later filed an application to reopen his direct appeal which this court allowed. And, in *State v. Ulrich*, 2d Dist. Montgomery No. 22129, 2009-Ohio-4610 (*Ulrich II*), this court reversed the trial court's judgment of conviction. This court concluded that the crimes for which he was found guilty were allied offenses of similar import and, as a result, the trial court committed reversible error in failing to merge the multiple convictions into a single conviction. The matter was therefore remanded to the trial court to comply with this court's reversal order and resentence appellant accordingly. At the hearing on remand, the trial court stated its belief that it had merged the original convictions by imposing concurrent sentences on the felonious assault charges in each of the indictments. The court went on to resentence

appellant to six years on the "merged charged [sic] in the A indictment" and "four years on the B indictment on the merged charges," to be served consecutively, for a total term of ten years imprisonment.

**{¶ 4}** Appellant appealed the sentencing order and, in *State v. Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758 (*Ulrich III*), this court again reversed the trial court's judgment, vacated the sentencing entry, and remanded the matter for resentencing. As a basis for the order, this court held "[t]here is no indication in the resentencing transcript that the state was aware of its responsibility to elect one of the merged allied offenses for sentencing purposes." *Id*. at ¶39.

**{¶ 5}** As a result of this court's remand order in *Ulrich III*, a resentencing hearing was held on March 10, 2011. During the hearing, appellant asked the trial judge to review a document which appellant alleged demonstrated his trial counsel was suspended from the practice of law at the time he represented appellant. After listening to appellant's overture, the trial judge advised appellant that the sole purpose of the hearing was for resentencing pursuant to this court's order in *Ulrich III*. The court noted that appellant's current counsel could file a motion setting forth any concerns relating to the propriety of appellant's trial counsel's representation at a later date. Meanwhile, the court maintained, it would commence with resentencing on this court's remand order. Accordingly, the state elected to have appellant sentenced on the two felonious assault counts alleging serious physical harm. The remaining charges merged for purposes of sentencing. Appellant was subsequently sentenced to an aggregate term of ten years imprisonment.

**{¶ 6}** Appellant filed a notice of appeal and appellate counsel was appointed.

Appellant's appointed counsel subsequently filed an *Anders* brief asserting, after a thorough review of the record, he found no non-frivolous issues to submit to this court for review. Appellant later filed a pro se brief asserting the following error for our review:

{¶ 7} "Whether the constitutional rights under the Sixth Amendment to the United States Constitution were violated by being represented by Bernard Marshall a lawyer facing charges before the Ohio Bar Association prior to the trial of the appellant."

{¶ 8} Appellant claims he is entitled to a new trial because his trial counsel's purported suspension rendered counsel's assistance ineffective. We do not agree.

{¶ 9} As discussed above, appellant urged the trial court to consider the validity of his trial counsel's representation during the resentencing hearing. The trial court declined the invitation stating on the record that the parties had convened to comply with the remand order in *Ulrich III*, not to hold an evidentiary hearing on an unrelated issue. The court stated it had no motion before it to rule upon; if, however, appellant's counsel prepared a motion, then the matter would be given due attention. The court then proceeded to resentencing appellant in compliance with this court's remand order from *Ulrich III*.

{¶ 10} The court advised appellant that it would not entertain his concerns at the resentencing hearing. And, the court offered no opinion on whether appellant's concern was legitimate. In effect, the court issued no judgment or order relating to this issue. Without a judgment or order, there can be no final, appealable order. We therefore lack jurisdiction to consider appellant's proposed assigned error.

{¶ 11} Moreover, even if the trial court had issued a final judgment relating to the above issues, this court, in *Ulrich I*, has previously addressed counsel's alleged ineffectiveness due to

the purported suspension. This court stated: "The trial court addressed counsel's suspension prior to imposing sentence and concluded that the reasons for counsel's suspension were unrelated to this case and that there was no basis to find ineffective assistance of counsel in this case." *Id*. at ¶52. This court subsequently concluded that, regardless of his allegations, appellant failed to show his counsel rendered deficient performance. The argument was overruled. Because this court has already addressed appellant's argument in the context of an ineffective assistance argument, that particular issue is res judicata, irrespective of counsel's alleged suspension.

{¶ 12} Regardless of this point, the final order from which this appeal was taken was the trial court's judgment on resentencing. Appellant's assignment of error does not challenge any aspect of this order. Because appellant's argument is not relevant to the judgment being appealed, we lack jurisdiction to consider the issue.

{¶ 13} With respect to the hearing and judgment on resentencing, the record demonstrates the state properly elected for purposes of conviction and sentencing, count two, felonious assault, a violation of R.C. 2903.11(A)(1), in the "A" indictment, dated January 4, 2007; the state also elected count two, felonious assault, also a violation of R.C. 2903.11(A)(1), in the "B" indictment, dated February 18, 2011. The trial court then sentenced appellant to six years on the conviction for felonious assault in the "A" indictment and four years on the conviction for felonious assault in the "B" indictment. The sentences were ordered to be served consecutively. Given the state's election and the court's sentence, the record indicates the remaining counts were properly merged for purposes of sentencing.

{¶ 14} The court, at both the sentencing hearing and in its judgment entry, also stated

appellant *will* serve a period of three years postrelease control after his release from prison. The language selected properly reflected the mandatory nature of the three-year term as required by R.C. 2967.28(B)(2).

{¶ 15} Finally, the trial court's judgment entry complies with the requirements of Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142 (explaining Crim.R. 32C)). The judgment states appellant was found guilty by a jury of the charged offenses and that the state elected appellant to be sentenced on two specific counts of felonious assault. The entry consequently sets forth the "fact of conviction" on count two of the "A" indictment as well as count two of the "B" indictment. *Lester*, syllabus. The judgment furthermore set forth an express sentence on the convictions, the judge signed the entry, and the order was time stamped indicating it was properly journalized by the clerk. *Id*.

{¶ 16} Pursuant to our obligation under *Anders, supra*, we have engaged in an independent review of the record and, given our analysis, we therefore agree with appointed appellate counsel that there are no non-frivolous issues for our review.

{¶ 17} The judgment on sentence of the Montgomery County Court of Common Pleas is hereby affirmed.

. . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Carley J. Ingram
Steven M. Ulrich
Jason A. Cavinder
Hon. Steven K. Dankof