JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Leon Reed ("Reed"), appeals his conviction for aggravated assault. He also urges this court to vacate his post-release control because the trial court failed to explain the terms and conditions. Finding no merit to this appeal, we affirm.
 {¶ 2} Following his arrest on December 12, 2002, Reed was indicted in January 2003 for two counts of felonious assault with notice of prior conviction and repeat violent offender specifications. On April 21, 2003, he pled guilty to an amended count of felonious assault and the State nolled the other count and the specifications. However, on May 30, 2003, he withdrew his guilty plea and waived his right to a speedy trial. The following evidence was elicited at his bench trial in August.
 {¶ 3} Sophia Scott (the "victim"), testified that she started dating Reed in July 2002 and a month later, he moved into her apartment. On December 12, they were smoking crack cocaine in the apartment. She left to buy more crack cocaine and alcohol, and when she returned, Reed demanded his share of the newly purchased cocaine. She refused to give him any and told him that she was no longer obligated to do anything for him. She further refused to let him use her cell phone. As a result, a fight erupted, with Reed shouting at her to "stop disrespecting" him. Suddenly, he struck her with a baseball bat while her back was turned. He continued to strike her with the bat, causing injuries to her head, arms, shoulder, and back.
 {¶ 4} Reed left the apartment and the victim chased him, shouting for someone to stop him. When the police arrived, Reed was arrested and Scott was taken to the hospital. She was hospitalized for six days with a broken arm and a severe head injury, requiring thirteen staples. Upon her release, she spent 22 days in a physical rehabilitation center.
 {¶ 5} Cleveland Police Detective Leroy Gilbert testified that he investigated the case and interviewed both the victim and Reed. Reed told him that the victim struck him first with the bat and that he struck her twice while attempting to recover it. Det. Gilbert indicated, however, that he observed no bruises on Reed. He further stated that Reed never went to the hospital despite his alleged injuries.
 {¶ 6} The trial court found Reed not guilty of the two counts of felonious assault but guilty of one count of the lesser included offense of aggravated assault. The court sentenced him to 15 months in prison and advised him that he was subject to post-release control.
 {¶ 7} Reed appeals, raising three assignments of error.
 Ineffective Assistance of Counsel {¶ 8} In his first assignment of error, Reed argues that he was denied effective assistance of counsel because his trial counsel failed to seek dismissal of the charges based on speedy trial grounds.
 {¶ 9} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v.Washington (1984), 466 U.S. 668. See also State v. Bradley
(1989), 42 Ohio St.3d 136. Pursuant to Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.Bradley, 42 Ohio St.3d 136, at paragraph one of the syllabus. To show such prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus.
 {¶ 10} Reed claims that his counsel was ineffective for failing to alert the court that the State neglected to bring him to trial within 90 days of his arrest as required by the speedy trial statute. Reed contends that because he was arrested and incarcerated on December 12, 2002, the statutory time for speedy trial expired before his August trial date, even if time was tolled for pending defense motions and the continuance of a pretrial. As a result, he claims that his counsel should have moved to dismiss the charges prior to his August 2003 trial.
 {¶ 11} Reed's argument, however, lacks merit. R.C.2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within 270 days after his arrest. For purposes of computing the time, 2945.71(E) requires that each day during which the accused is held in jail in lieu of bail on the pending charge be counted as three days. In other words, "a felony defendant in Ohio must be tried within ninety days if incarcerated on the pending charge or within two hundred seventy days if on bail." State v. Coleman (1989),45 Ohio St.3d 298, 304.
 {¶ 12} However, the triple-count provision in R.C. 2945.71(E) applies only to defendants held in jail in lieu of bail solely on the pending charges. State v. Brown (1992), 64 Ohio St.3d 476,479; State v. MacDonald (1976), 48 Ohio St.2d 66, paragraph one of the syllabus. Thus, the triple-count provision does not apply when, in addition to the pending charges, a defendant is held for a parole or probation violation. State v. Thompson (1994),97 Ohio App.3d 183, 186, citing State v. Phillips (1990),69 Ohio App.3d 379, 381.
 {¶ 13} Our review of the record reveals that there was a "parole hold" on Reed[1] and therefore the acceleration of time was not triggered under R.C. 2945.71(E). Reed was arrested on December 12, 2002, and waived his right to a speedy trial on May 30, 2003. Thus, we find no violation of his right to a speedy trial.
 {¶ 14} Accordingly, even if Reed's counsel had sought to dismiss the charges, she would not have prevailed and, thus, we cannot say that counsel was ineffective for failing to raise a meritless argument. See State v. Wade, Cuyahoga App. No. 81080, 2002-Ohio-6827, citing, Kimmelman v. Morrison,477 U.S. 365,382.
 {¶ 15} Reed's first assignment of error is overruled.
 Manifest Weight of the Evidence {¶ 16} Reed argues in his second assignment of error that the trial court erred by denying his motion for acquittal. Specifically, he claims that there was insufficient evidence to support a conviction for aggravated assault because the evidence demonstrated that he acted in self-defense.
 {¶ 17} We find Reed's argument challenging the sufficiency of the evidence misplaced. In the instant case, there was never a motion for acquittal of the aggravated assault charge based on insufficient evidence. Rather, Reed specifically requested that the court consider aggravated assault as a lesser included offense of felonious assault based on the evidence presented at trial. Moreover, when reviewing a claim by a defendant that evidence supports a claim of self-defense, the manifest weight standard is the proper standard of review because a defendant claiming self-defense does not seek to negate an element of the offense charged but rather seeks to relieve himself from culpability. State v. Martin (1986), 21 Ohio St.3d 91. See, also, In re D.P., Cuyahoga App. No. 82151, 2003-Ohio-5821. Accordingly, we will treat this argument as a challenge to the verdict based on the manifest weight of the evidence.
 {¶ 18} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. As the Ohio Supreme Court declared:
"Weight of the evidence concerns `the inclination of thegreater amount of credible evidence offered in a trial, tosupport one side of the issue rather than the other. It indicatesclearly to the jury that the party having the burden of proofwill be entitled to their verdict, if, on weighing the evidencein their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on itseffect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidenceand all reasonable inferences, considers the credibility ofwitnesses and determines whether in resolving conflicts in theevidence, the jury clearly lost its way and created such amanifest miscarriage of justice that the conviction must bereversed and a new trial ordered. The discretionary power togrant a new trial should be exercised only in the exceptionalcase in which the evidence weighs heavily against theconviction." Id. at 387.
 {¶ 19} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169. Additionally, circumstantial evidence and direct evidence inherently possess the same probative value and, therefore, should be subjected to the same standard. State v. Jenks (1991), 61 Ohio St.3d 259,273.
 {¶ 20} R.C. 2903.12 governs aggravated assault and provides that "no person * * * shall cause serious physical harm to another * * * while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force."
 {¶ 21} Reed contends that, by finding him guilty of aggravated assault, the trial court acknowledged that he was acting in self-defense because it must have found the facts "reasonably sufficient to incite [him] into using deadly force." Specifically, Reed claims that in order for the court to find him not guilty of felonious assault, it must have concluded that the victim struck him first and, thus, based on this finding, a reasonable person could only conclude that Reed acted in self-defense and accidentally struck the victim with the bat while trying to recover it. We disagree.
 {¶ 22} In State v. Johnson, Cuyahoga App. No. 81814, 2003-Ohio-4180, this court rejected the same argument advanced by Reed. In Johnson, we held that "merely because one is `incited' into using deadly force does not equate with conduct sufficient to establish self-defense." Thus, the trial court's finding of provocation reasonably sufficient to incite Reed to use deadly force does not establish self-defense.
 {¶ 23} In the instant case, we fail to see how Reed acted in self-defense by striking the victim several times with a bat. The victim testified that she was hospitalized for six days and spent 22 days in a rehabilitation center. The extent of the victim's injuries coupled with Reed's own admission of striking the victim more than once negated any possible claim of self-defense.
 {¶ 24} Upon our review of the evidence, we cannot say that the trial court lost its way when it found Reed guilty of aggravated assault.
 {¶ 25} Accordingly, Reed's second assignment of error is overruled.
 Post-Release Control {¶ 26} In his last assignment of error, Reed argues that the trial court failed to properly advise him of the terms and conditions of his post-release control. We disagree.
 {¶ 27} The record reveals that the court not only informed Reed of the terms and conditions of his post-release control at the time of his plea hearing, but also again at his sentencing. In the first instance, the court stated:
"And if for whatever reason a prison term would be imposed inthat two to eight-year range, any sentence imposed would be theactual time that you serve. There is no more good time credit.And after serving the sentence, there is post-release control forup to five years.
 It could have conditions attached, and a violation of any ofthe conditions to post-release control could result in additionalconsequences up and including re-indictment and/orre-incarceration for up to one half of the original sentence eventhough a person had already served each and every day of anunderlying sentence."
 {¶ 28} Furthermore, the court again explained the terms and conditions of post-release control at sentencing by stating:
"* * * Pay real close attention, Mr. Reed. When you get out —you could be again on post-release control. That can be inactive,but it could have conditions attached. If you violate any of theconditions attached to post-release control, you could faceadditional consequences up to and including re-indictment on anescape charge and/or reincarceration for up to one half of theoriginal sentence."
 {¶ 29} Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence. Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171, paragraph two of the syllabus. Further, pursuant to R.C.2929.19(B)(3)(d), a trial court must inform the defendant at sentencing or at the time of a plea hearing "that he may be subject to a definite period of post-release control [and] the possibility of sanctions, including prison, available for violation of such controls." State v. Morrissey (Dec. 18, 2000), Cuyahoga App. No. 77179.
 {¶ 30} Our review of the record reveals that the trial court complied with the notification requirements with regard to post-release control.
 {¶ 31} Reed's final assignment of error is overruled.
 {¶ 32} Judgment affirmed.
 {¶ 33} It is ordered that appellee recover of appellant its costs herein taxed.
 {¶ 34} The court finds there were reasonable grounds for this appeal.
 {¶ 35} It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 {¶ 36} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. Concurs; Gallagher, J. Concurs (see separate concurring opinion).
[1] At the May 30, 2003 hearing on Reed's motion to vacate his guilty plea, defense counsel represented to the court that there was a "hold" on Reed. Reed signed a speedy trial waiver at the conclusion of that hearing. On August 6, 2003, at the sentencing hearing, further reference was made to his being on parole.