OPINION
{¶ 1} Defendant-Appellant, James K. Reams, appeals a judgment of the Auglaize County Municipal Court, sentencing him upon his conviction for criminal damaging. On appeal, Reams contends that the judgment of the jury is against the manifest weight of the evidence on the issue of whether there was physical harm to the property. Finding that the evidence is against the manifest weight of the evidence, we reverse the judgment of the trial court.
 {¶ 2} On March 11, 2004, Reams and his wife, Judy Reams, were involved in an argument outside of their apartment in Wapakoneta, Ohio. Prior to the argument, at approximately 7:00 a.m., Reams and his brother-in-law, John Martin, had returned to the apartment so that Reams could obtain a sweater. At that time, Reams noticed that Judy had sorted the dirty laundry and that she had only taken her laundry to the laundromat. Reams left to confront Judy at the laundromat; however, on his way there, he passed her as she was returning home. Reams turned around and followed Judy back to their apartment. Once in front of their apartment, both Reams and Judy exited their vehicles and began to argue.
 {¶ 3} Judy testified that Reams then pushed her and began kicking her vehicle. At that point, she stated that she ran into the apartment and that Reams continued kicking her vehicle. After Reams left, Judy stated she returned to her vehicle and went back to the laundromat. At approximately 9:40 a.m., after Judy finished her laundry, she drove to the police station where she reported the earlier incident.
 {¶ 4} Later that day, Reams was arrested and charged with domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree, and criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree.
 {¶ 5} In May of 2004, a jury trial was held. At trial, the State presented the testimony of Judy, her two daughters, Stephanie Hair and Danielle Koenig, and Patrolman Michael Mahaffey. Martin testified on behalf of Reams.
 {¶ 6} Upon the presentation of all the evidence, the jury found Reams guilty of criminal damaging and not guilty of the domestic violence charge. Subsequently, Reams was sentenced. When Reams appealed his sentence, this Court found that the sentencing order was not a final order, due to the fact that the issue of restitution had not been properly addressed. In a July 2004 judgment entry, the trial court properly disposed of all issues. Thus, it is from this judgment Reams appeals, presenting the following sole assignment of error for our review.
The judgment of the jury is against the manifest weight of the evidenceon the issue of whether there was physical harm to the property.
 {¶ 7} In the sole assignment of error, Reams asserts that the jury's verdict is against the manifest weight of the evidence, because the State failed to present any evidence showing there was physical harm to Judy's car.
 {¶ 8} In State v. Thompkins (1997), 78 Ohio St.3d 380, 387, the Ohio Supreme Court stated:
When a court of appeals reverses a judgment of a trial court on thebasis that the verdict is against the weight of the evidence, theappellate court sits as a thirteenth juror and disagrees with thefactfinder's resolution of the conflicting testimony. The Court reviewingthe entire record, weighs the evidence and all reasonable inferences,considers the credibility of the witnesses and determines whether inresolving conflicts in the evidence, the jury clearly lost its way andcreated such a manifest miscarriage of justice that the conviction mustbe reversed and a new trial ordered. The discretionary power to grant anew trial should be exercised only in the exceptional case in which theevidence weighs heavily against the conviction. (citations omitted.)
 {¶ 9} Additionally, we note that in order "[t]o reverse the judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Thompkins,
78 Ohio St.3d at para. four of the syllabus, citing Section 3(B)(3), Article IV of the Ohio Constitution.
 {¶ 10} To prove criminal damaging, the state must prove that the defendant knowingly caused physical harm to any property of another without consent. R.C. 2909.06(A). "A person acts knowingly * * * when he is aware that his conduct will probably cause a certain result." R.C.2901.22(B). "`Physical harm to property' means any tangible or intangible damage to property that, in any degree, results in loss to its value or interferes with its use or enjoyment." R.C. 2901.01(A)(4).
 {¶ 11} In the case sub judice, the State presented the testimony of Judy, her two daughters and patrolman Michael Mahaffey. Judy testified that she witnessed Reams kick the license plate of her car as well as the back side of the car before she went upstairs into her apartment. Additionally, she testified that she heard Reams continue kicking her car, once she was upstairs. While Judy failed to specifically testify to any damage on the body of the car, she did state that a screw on her license plate had been bent.
 {¶ 12} Judy's daughter, Stephanie Hair, testified that she heard what she believed to be Reams kicking the car from inside Reams and Judy's apartment. Hair went on to specifically state that she believed there were a total of three new dents on the car, one on the hood and one on each side of the car. Danielle Koenig, Judy's other daughter, also testified. Koenig did not witness or hear anything on the morning of the incident, as she was not at the apartment. However, she did testify that after the incident there were dents all over her mother's car. She was not able to testify as to the location of any specific dents, but did state that the car did have a big dent on the hood when her mother bought the car, which was prior to the incident.
 {¶ 13} The State also presented the testimony of Patrolman Mahaffey. According to Mahaffey, based on the lack of information in his report, he did not believe that Judy told him that there was any damage to her car. He stated that he would have normally taken pictures of the vehicle had there been a report of damage. Nevertheless, he stated that he did not take any pictures nor did he have anything in his report about any reported damage to the vehicle. Finally, Patrolman Mahaffey testified that Reams did admit to kicking the license plate of Judy's car in the statement he made to the police when he was arrested. Additionally, while Martin testified that he witnessed Reams kick the license plate of Judy's vehicle, he stated that was the only kicking he observed.
 {¶ 14} Upon review of the evidence presented at trial, we are persuaded by defendant's argument that the conviction here is against the manifest weight of the evidence presented. First, we acknowledge that the evidence clearly supports a finding that Reams did kick the license plate of Judy's car. However, past that we are unconvinced that the State's evidence supports a finding of physical damage.
 {¶ 15} Additionally, we acknowledge that loss in value can generally be inferred from observable damage and when the damage interferes with the use or enjoyment. State v. Richie, 3d Dist. Nos. 13-01-37, 13-01-38, 13-01-39, 2002-Ohio-2178; see, also, State v. Maust (1982),4 Ohio App.3d 187, 189, City of Akron v. Acquaviva (July 9, 1986), 9th Dist. No. 12432, unreported. However, the testimony of Judy and her daughters presented by the State is greatly conflicting as to whether and where there were any new dents on the car. While Judy does state that she witnessed the defendant kick her car in at least one place on the body of the car, she never testified to any specific damage caused by that kick, other than a bent screw on her license plate. Additionally, the testimony of Judy's daughters conflicts with Judy's testimony as to where the dents were. Finally, each of Judy's daughters' testimony conflicts with the other's testimony as well. Essentially, these three State witnesses never agree on a single dent on the body of the car. Moreover, at least one of the daughters testifies that there were several dents already on the car prior to the incident. Finally, Patrolman Mahaffey testified that he was not informed of any specific damage, which he would have photographed had he been informed of such damage.
 {¶ 16} Considering the level of conflicting testimony presented by the State, we are not willing to believe that a reasonable trier of fact could infer such loss in value merely from Reams kicking the license plate of Judy's car. Even considering Judy's testimony that a screw on her license plate was bent, we will not infer criminal damage from such action. Finally, the State offered no testimony as to an interference with use or enjoyment of the vehicle. Likewise, we will not infer such loss of use or enjoyment merely from the license plate of a car being kicked.
 {¶ 17} Having found that evidence presented by the State weighs heavily against Reams' conviction for criminal damage, the sole assignment of error is sustained.
 {¶ 18} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Bryant and Shaw, JJ., concur.