DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mary Weese, appeals from the judgment of the Wayne County Municipal Court that convicted her of operating a motor vehicle while under the influence of alcohol. We affirm.
 {¶ 2} In 1997, Ms. Weese was charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and operating a motor vehicle with a prohibited blood-alcohol level, in violation of R.C.4511.19(A)(3). Trial was scheduled for September 18, 1997, for which Ms. Weese failed to appear.
 {¶ 3} An arrest warrant was issued and executed, and a bench trial was scheduled for November 4, 2004. However, Ms. Weese filed a motion to reschedule the trial. The trial court granted the motion and rescheduled the trial for December 7, 2004. However, Ms. Weese did not appear for trial. The trial was then rescheduled for the following day, and this time Ms. Weese was present.
 {¶ 4} Pursuant to a bench trial, the court found her guilty of operating a motor vehicle under the influence of alcohol, but not guilty of operating with a prohibited blood-alcohol level. The court sentenced her to 60 days in jail, suspended her driver's license for five years, and imposed a $1,000 fine. This appeal followed.
 {¶ 5} Ms. Weese timely appealed, asserting two assignments of error for review.
 First Assignment of Error
"The trial court committed prejudicial error by forfeiting the appellant's bond for failing to apper [sic] where notice of the hearing was not given to appellant or counsel."
 {¶ 6} In her first assignment of error, Ms. Weese contends that the trial court erred in forfeiting her bond because neither she nor her trial counsel received notice of the trial date.
 {¶ 7} Ms. Weese's entire argument in support of this assignment of error states, "Due process of law clearly requires notice of a hearing as a condition of forfeiting bond for failure to appear. The record indicates that notice of the original trial date was not given to the Appellant or counsel." She asserts, without providing references to the record or citations to any legal authorities to support her argument, that she did not receive notice of the hearing date and that this infringed on her constitutional right to due process of law.
 {¶ 8} Loc.R. 7(E) provides that "[r]eferences to the pertinent parts of the record shall be included in the * * * argument section of the brief. If a party fails to include a reference to a part of the record that is necessary to the court's review, the court may disregard the assignment of error or argument." When an appeal comes before this Court for review, "[i]t is not the function of this [C]ourt to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996), 114 Ohio App.3d 41,60.
 {¶ 9} While her argument appears to challenge notice for the "original trial date," other portions of Ms. Weese's brief reference her alleged failure to receive notice of therescheduled date. Ms. Weese makes no reference to the record to support her argument, and without more we cannot be certain of which notice Ms. Weese is actually challenging. Thus, for this reason alone, we may disregard Ms. Weese's assignment of error. See Loc.R. 7(E); Smith v. Akron Dept. Public Health, 9th Dist. No. 21103, 2003-Ohio-93, at *8. However, Ms. Weese has also failed to meet her burden on appeal by not supporting her argument with citations to applicable legal authorities. See App.R. 16(A)(7); Loc.R. 7(A)(7); State v. Leach, 9th Dist. No. 22369, 2005-Ohio-2569, at ¶ 38.
 {¶ 10} Furthermore, we observe that Ms. Weese failed to raise this notice issue to the trial court. Failure to raise an issue initially to the trial court constitutes a waiver of the opportunity to raise the issue on appeal. State v. Tate, 9th Dist. No. 21943, 2005-Ohio-2156, at ¶ 16. See, also, State v.Kisseberth, 8th Dist. No. 82297, 2003-Ohio-5500, at ¶ 11. Therefore, Ms. Weese has also failed to preserve this issue for appeal.
 {¶ 11} Ms. Weese's first assignment of error is overruled.
 Second Assignment of Error
"The trial court committed prejudicial error by finding the appellant guilty of ovi where there was insufficient evidence to sustain such a veridct."
 {¶ 12} In her second assignment of error, Ms. Weese contends that her conviction is not supported by sufficient evidence.
 {¶ 13} We observe from our review of the trial transcript that Ms. Weese failed to bring a Crim.R. 29 motion for acquittal at the conclusion of the State's case in chief. In order for a defendant to preserve the right to appeal the sufficiency of the evidence upon which his conviction is based, he must timely file a Crim.R. 29 motion for acquittal with the trial court. State v.Liggins (Aug. 18, 1999), 9th Dist. No. 19362, at *3. A defendant's failure to make a Crim.R.29 motion constitutes a waiver of any challenge to the sufficiency of the evidence on appeal. Id. Therefore, Ms. Weese has waived the opportunity to raise and objection to the sufficiency of the evidence on appeal.
 {¶ 14} Ms. Weese's second assignment of error is overruled.
 {¶ 15} Ms. Weese's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Reader, J., Concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)