DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction for criminal damaging or endangering following a jury trial in the Norwalk Municipal Court. For the reasons that follow, we affirm.
 {¶ 2} On January 2, 2006, James Spears and his fiancée, Christine Jump, drove to the home of appellant, Phillip Bertram, and his fiancée, Katrina Bellamy, to collect a $30 debt. *Page 2 
 {¶ 3} Spears and Jump testified at trial that appellant and another attacker ran out from appellant's home and began striking Spears' car repeatedly. Appellant and Bellamy testified that appellant did not strike the car. A neighbor of appellant testified that she saw one different man striking the car. The neighbor also testified that she never saw appellant or the other attacker alleged by the victim and his fiancée strike the car.
 {¶ 4} Appellant was convicted of criminal damaging or endangering in violation of R.C. 2909.06. Appellant was sentenced to a jail term of 90 days, 60 days suspended, and ordered to pay a $200 fine and $442.13 in costs and restitution. He now appeals his conviction.
 {¶ 5} Appellant asserts the following assignment of error:
 {¶ 6} "The verdict of the jury finding appellant guilty of criminal damaging is against the manifest weight of the evidence, in violation of the appellant's right to due process of law guaranteed by theFourteenth Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 7} Appellant, in his assignment of error, presents two issues. First, whether the jury lost its way in determining that appellant was among the individuals who came into contact with the victim's car. Second, whether the jury lost its way in determining that the appellant caused physical harm to the victim's car.[1] *Page 3 
 {¶ 8} There was conflicting testimony at trial regarding whether appellant struck the victim's car. The victim and his fiancée both testified that appellant kicked the front of the victim's car. Other witnesses testified that appellant did not strike the car. Here we must act as a "thirteenth juror" and consider the factfinder's resolution of the conflicting testimony. See State v. Thompkins (1997),78 Ohio St. 3d 380, 387. We must consider the weight of the evidence which concerns "`the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief"Id. at 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594.
 {¶ 9} "In determining whether appellant's conviction was against the manifest weight of the evidence, `an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' On appeal, we are guided by the principle that `the weight to be given the evidence and the credibility of the witnesses are primarily for the *Page 4 
trier of the facts.' Reversal of a conviction based on the weight of the evidence should be done only in exceptional cases, when the evidence presented weighs heavily in favor of the defendant." State v.Rutherford, 6th Dist. No. S-05-010, 2005-Ohio-6519, ¶ 17, citingState v. Otten (1986), 33 Ohio App.3d 339, 340; State v. DeHass (1967),10 Ohio St.2d 230; State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 10} In the present case, there was conflicting evidence. It is primarily for the jury, as trier of facts, to decide what weight the evidence should receive and which witnesses are credible. State v.DeHass, at 231; State v. Rutherford, at ¶ 17. It was for the jury to determine the credibility of witnesses, and the jury decided such credibility. We cannot find that the evidence weighed so heavily in favor appellant as to create a manifest miscarriage of justice.
 {¶ 11} Appellant also raises a question of law regarding whether it was possible, given the evidence, for the jury to find that the appellant committed criminal damaging or endangering. R.C. 2909.06
provides:
 {¶ 12} "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
 {¶ 13} "(1) Knowingly, by any means.
 {¶ 14} "`Physical harm to property' means any tangible or intangible damage to property that, in any degree, results in loss to its value or interferes with its use or enjoyment. `Physical harm to property' does not include wear and tear occasioned by normal use." R.C. 2901.01(A)(4). *Page 5 
 {¶ 15} Appellant asserts that there was no evidence at trial that he caused physical harm to the victim's car. There was evidence showing substantial damage to victim's car including a broken windshield and a torn off mirror, but the victim testified that the more substantial damage was caused by the other attacker, not appellant. The victim testified that appellant kicked the front of his car, but did not break anything. The victim testified that appellant merely left a muddy scuffmark that cost him $5 or $6 to wash off. The scuffmark was also visible in photographs presented as exhibits. Appellant asserts that this scuffmark does not fall within the definition of physical harm to property and therefore the statute is inapplicable to his alleged actions. There was also testimony from victim's fiancée and from a police officer that there was a small dent above the headlight where appellant purportedly kicked the car.
 {¶ 16} R.C. 2909.06 is not only applicable when there is actual physical harm to property; it is also applicable when there is a substantial risk of such harm. "`Substantial risk' means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8).
 {¶ 17} In the present case, the jury could have properly found the appellant guilty on either the theory that he caused actual physical harm to property or the theory that he caused a substantial risk of harm. The complaint against appellant alleged that he "did knowingly by any means cause, or create substantial risk of physical harm to any property of another without the other person's consent." R.C.2901.01(A)(4) makes clear that any tangible damage, in any degree, which results in a loss in value or interferes with *Page 6 
use or enjoyment is physical harm to property. Although certainly minor, a muddy scuffmark fits within this definition. The phrase "in any degree" shows a legislative intent for this statute to apply to even very minor damage. A muddy scuffmark is a loss in value, even if there is only a $5 to $6 loss required to wash the car. Kicking the front of a car also clearly creates a substantial risk that physical harm will occur to a car. The jury, therefore, could properly have found appellant guilty using either the theory that he created a strong possibility of physical harm or the theory that he actually caused physical harm.
 {¶ 18} Appellant urges us to follow State v. Reams, 3d Dist. No. 2-04-28, 2005-Ohio-1085. The present case, however, is distinguishable from State v. Reams. State v. Reams involved an incident were a husband kicked his wife's car during an argument. At trial the prosecution presented testimony from the wife, her two daughters, and a police officer. The wife testified that husband had kicked the license plate and bent a screw, but did not testify to any other damage. Id. at ¶ 11. Each of the daughters testified that they did not see the kicking itself. One daughter testified that there were three new dents in the car; the other testified that there were new dents all over the car.Id at ¶ 12. The police officer testified that there was a lack of information in his report about damages and that he had not even taken pictures of the car. Id. at ¶ 13. The court acknowledged that the evidence clearly supported a finding that husband kicked the license plate of the car. Id at ¶ 14. However, the court found that the level of conflicting testimony rendered the inference of damages against the manifest weight of the evidence. Id at ¶ 16. The *Page 7 
present case is distinguishable on two grounds. First, the prosecution testimony in the present case is much more consistent regarding damages. In the present case, the testimony of all three prosecution witnesses as well as the exhibit photographs are consistent with a finding that there was at least a muddy scuffmark. Second, in State v. Reams the court only addressed the physical harm to property theory. In the present case, they jury heard facts whereby they could have convicted under either the physical harm to property theory or the substantial risk theory. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 19} On consideration whereof, the judgment of the Norwalk Municipal Court, Huron County, Ohio is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to the Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 8 
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J. CONCUR.
[1] Appellee asserts that appellant waived any error as to both weight and sufficiency of the evidence because he failed to move for acquittal at the end of the state's case and at the close of all testimony pursuant to Crim.R. 29. Appellee cites three cases in support of this argument: State v. Adams 11th Dist. No 2003-L-110, 2005-Ohio-1107;State v. Hinckley, 6th Dist. No. H-03-024, 2004-Ohio-4849; and State v.Weese, 9th Dist. No. 04CA0086, 2005-Ohio-4093. However, appellant argues manifest weight of the evidence, not sufficiency of the evidence, and each of the cases cited by appellee addresses sufficiency of the evidence. *Page 1