OPINION
{¶ 1} Defendant-appellant, Robert M. Fink, appeals the judgment of the Ashtabula County Court, Eastern Division, finding him guilty of Assault and Criminal Damaging. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On January 22, 2007, Fink was charged, by way of complaint, with one count of Assault, a misdemeanor of the first degree in violation of R.C. 2903.13(A), and one count of Criminal Damaging, a misdemeanor of the second degree in violation of R.C. 2909.06(A)(1).
 {¶ 3} A bench trial was held on September 6, 2007.
 {¶ 4} At trial, Gregory S. Wolfe testified that on January 18, 2007, he went to a friend's house on Stanhope-Kelloggsville Road in a borrowed 2004 Chevy pickup truck. While inside the home, Fink walked in carrying a fifth of Blackberry Brandy and asked if he was Greg Wolfe's son, and then walked back outside. Wolfe next heard "a bunch of hootin' and hollerin' and carrying on and a thumping noise" outside. Wolfe looked out and saw Fink punching the side of the borrowed vehicle.
 {¶ 5} Wolfe went outside and Fink, after threatening him, "barraged [Wolfe] with a couple of punches." When Wolfe indicated he was going to call the police, Fink departed.
 {¶ 6} Wolfe suffered a cut under one eye requiring stitches. Wolfe testified there were dents on both sides of the truck.
 {¶ 7} Deputy Sheriff Anthony M. Mino testified that he received a dispatch at about 6:45 p.m. on January 18, 2007, regarding an assault on Stanhope-Kelloggsville Road. Mino took a statement from Wolfe. Mino testified that Wolfe was bleeding and very upset and that there were dents on the driver's and passenger's side doors of the truck. Mino testified the dents appeared to have been caused by someone punching the doors. *Page 3 
 {¶ 8} Fink testified that he was delivering firewood when he arrived at the home on Stanhope-Kelloggsville Road. Fink was accompanied by Timothy M. Northrup. Fink testified he went inside to speak to the homeowner when Wolfe began "badgering about my children." Fink left but was followed by Wolfe who was "yelling and screaming" and calling Fink and his children names. Then, Wolfe "got right in my face, started poking me in the chest and screaming at me, and then he shoved me and that's when I hit him." When he felt it was safe to do so, Fink departed.
 {¶ 9} Fink testified that he had known Wolfe for about fifteen years and, despite some "differences in the past," had no prior physical altercations with him. Fink denied causing any damage to the truck.
 {¶ 10} Northrup testified that Fink hit Wolfe because Wolfe was poking and shoving Fink. Northrup did not see Fink cause any damage to the truck.
 {¶ 11} The county court found Fink guilty of Assault and Criminal Damaging. On the Assault charge, the court sentenced Fink to a 90-day suspended jail sentence, 30 days of electronically monitored home arrest, ordered him to pay a fine of $200 plus court costs, and imposed one year of supervised community control. On the Criminal Damaging charge, the court ordered Fink to pay a $100 fine and participate in the "Choices" anger-management program.
 {¶ 12} Fink timely appeals and raises the following assignments of error:
 {¶ 13} "[1.] The trial court erred in finding the Defendant guilty of assault because the court applied an incorrect legal standard regarding self-defense and the conviction was against the manifest weight of the evidence as Defendant proved by a preponderance of the evidence that he was acting in self-defense. *Page 4 
 {¶ 14} "[2.] The trial court erred in finding the Defendant guilty of criminal damaging in violation of R.C. 2909.06(A)(1) because the conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 15} "[3.] Trial counsel's failure to subject the State's case to the crucible of the adversarial testing process deprived the Defendant of a fair trial and amounted to the ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 16} The issue raised in Fink's first assignment, i.e. whether he established the defense of self-defense, is reviewed under a manifest weight of the evidence standard. State v. Moreland, 8th Dist. No. 83977,2004-Ohio-6622, at ¶ 22; State v. Roberts (2000), 139 Ohio App.3d 757,768. In his second assignment of error, Fink claims his conviction for Criminal Damaging was against the weight of the evidence and is not supported by sufficient evidence. The analyses for weight and sufficiency of the evidence are related, but distinct.
 {¶ 17} The Ohio Rules of Criminal Procedure provide that a defendant may move the trial court for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." Crim.R. 29(A). "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury," i.e. "whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, quoting Black's Law Dictionary (6 Ed.1990), 1433. Essentially, "sufficiency is a test of adequacy," that challenges whether *Page 5 
the state's evidence has created an issue for the jury to decide regarding each element of the offense. Id.
 {¶ 18} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307, 319. In reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 19} Weight of the evidence, in contrast to its sufficiency, involves "the inclination of the greater amount of credible evidence."Thompkins, 78 Ohio St.3d at 387 (emphasis sic) (citation omitted). Whereas the "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support the verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, at ¶ 25 (citation omitted). "In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" Id.
 {¶ 20} Generally, the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, at the syllabus. When reviewing a manifest weight challenge, however, the appellate court sits as the "thirteenth juror." Thompkins, 78 Ohio St.3d at 387
(citation *Page 6 
omitted). The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses, to determine whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
 {¶ 21} In order to establish a claim of self-defense, the defendant must prove "by the greater weight of the evidence that (A) [he] was not at fault in creating the situation giving rise to [the altercation]; and (B) [he] had reasonable grounds to believe and an honest belief, even if mistaken, that [he] was in (imminent) (immediate) danger of bodily harm." 4 Ohio Jury Instructions (2006), Section 411.33(2); State v.Fritz, 163 Ohio App.3d 276, 2005-Ohio-4736, at ¶ 20; Stevens v.Provitt, 11th Dist. No. 2002-T-0076, 2003-Ohio-7226, at ¶ 26
("[s]elf-defense may be asserted if a defendant has reasonable grounds and an honest belief that he was in immediate danger of bodily harm").
 {¶ 22} Fink argues under his first assignment of error that the trial court failed to apply a "subjective" standard in evaluating the self-defense claim. Fink's argument focuses on the second element of a self-defense claim, i.e. a belief that one is in the imminent/immediate danger of bodily harm. Fink testified that he believed Wolfe was going to hit him. The court concluded, however, that Fink had "overreacted" by punching Wolfe. Thus, Fink asserts the court improperly substituted its own view of the imminent threat of force for Fink's. We disagree. *Page 7 
 {¶ 23} Contrary to Fink's position, the standard for asserting a claim for self-defense against bodily harm is not wholly subjective. Fink's belief that he was in danger of imminent use of force by Wolfe must not only be "honest," but "reasonable." As the Supreme Court of Ohio has explained, "the second element of self-defense is a combined subjective and objective test." State v. Thomas, 77 Ohio St.3d 323, 330,1997-Ohio-269, citing State v. Sheets (1926), 115 Ohio St. 308, 310. "[T]he jury," or finder of fact, "first must consider the defendant's situation objectively, that is, whether, considering all of the defendant's particular characteristics, knowledge, or lack of knowledge, circumstances, history, and conditions at the time of the attack, shereasonably believed she was in imminent danger." Id. (citation omitted) (emphasis sic).
 {¶ 24} In the present case, the court's conclusion that Fink "overreacted" was based upon a consideration of the particular circumstances of the situation involving Wolfe. The court noted the "physical presence" of the two parties, that Fink is six to eight inches taller than Wolfe. The court noted that there was no testimony that Wolfe actually swung at or threatened Fink. Finally, the court noted that mere "poking and pushing" did not demonstrate "a threat of imminent use of unlawful force." In this respect, the trial court had the benefit of Fink physically demonstrating how Wolfe was pushing and shoving him; evidence which this court cannot evaluate. Thus, the trial court applied the proper standard to determine whether Fink's belief that he was in danger of bodily harm was reasonable. Based on particular circumstances of this case, the trial court properly rejected Fink's self-defense claim.
 {¶ 25} Fink also claims the trial court improperly imposed upon him the duty to retreat. Again, we disagree. The trial court stated that it "was not saying that [Fink] had *Page 8 
a duty to retreat." The fact that the court concluded Fink was not justified in using force against Wolfe is not the same as imposing a duty to retreat.
 {¶ 26} The first assignment of error is without merit.
 {¶ 27} In the second assignment of error, Fink argues that his conviction for Criminal Damaging is not supported by sufficient evidence and is against the weight of the evidence.
 {¶ 28} In order to convict Fink of Criminal Damaging, the State had to prove, beyond a reasonable doubt, that Fink "cause[d], or create[d] a substantial risk of physical harm to any property of another without the other person's consent * * * [k]nowingly, by any means * * *." R.C.2909.06(A)(1).
 {¶ 29} Fink maintains the State failed to prove that he caused damage to Wolfe's truck because there was no evidence that the dents testified to by Wolfe and Deputy Mino did not exist prior to the incident with Fink. Fink relies on several cases from this district, upholding convictions based on circumstantial evidence, where there was explicit testimony that the damage to the property did not exist prior to the defendants' actions. State v. Lopshire, 11th Dist. No. 2005-P-0037,2006-Ohio-3215, at ¶ 30; State v. Howdyshell (Aug. 15, 1997), 11th Dist. No. 96-A-0064, 1997 Ohio App. LEXIS 3673, at *4-*5.
 {¶ 30} These cases are distinguishable, factually, because therein the defendants were not seen doing anything that would cause or create a substantial risk of harm to another's property. Lopshire,2006-Ohio-3215, at ¶ 30; Howdyshell, 1997 Ohio App. LEXIS 3673, at *4. Thus, it was important to establish a temporal connection between the damage and the defendant's presence near the property. *Page 9 
 {¶ 31} In the present case, Wolfe testified he saw Fink "punching the side of the vehicle" and, when asked about "damage" to the vehicle, that he found dents in the side of the vehicle. Deputy Mino testified the dents were caused by someone punching the vehicle. It is reasonable to infer from this evidence that the dents were caused by Fink, even though Wolfe or the owner of the vehicle did not testify regarding the vehicle's condition prior to the incident.
 {¶ 32} Alternatively, the Criminal Damaging statute does not require the offender to actually cause damage to property, but only to create a "substantial risk" of harm to property. R.C. 2909.06(A); State v.Bertram, 6th Dist. No. H-06-018, 2007-Ohio-3107, at ¶ 17 (defendant who kicked another's vehicle, leaving only a "muddy scuffmark," could be convicted of Criminal Damaging for creating a substantial risk of harm to another's property). Punching the side of a vehicle creates a substantial risk of harm to the vehicle and so may support a conviction for Criminal Damaging.
 {¶ 33} Fink argues the conviction for Criminal Damaging is against the manifest weight of the evidence for essentially the same reason raised in his sufficiency argument, the lack of evidence that Fink caused the damage to the vehicle. Fink relies upon the case of State v. Reams, 3rd Dist. No. 2-04-28, 2005-Ohio-1085, wherein the court refused to infer criminal damage to a vehicle from defendant's act of kicking the license plate. Id. at ¶ 16.
 {¶ 34} Reams is also distinguishable from the present case. The State's evidence regarding damages in Reams was confused and uncertain. The only witness to observe the defendant kicking the vehicle failed "to specifically testify to any damage on the body of the car." Id. at ¶ 11. Other witnesses testified to dents on various parts *Page 10 
of the vehicle, but admitted that the vehicle had a "big dent" when purchased. Id. at ¶ 12. Finally, the investigating officer testified that he was not advised of any damage being done to the vehicle. Id. at ¶ 13. Here, the testimony is consistent that Fink punched the door of the vehicle and the door of the vehicle had a dent that appeared to have been caused by a punch.
 {¶ 35} Fink also maintains that it is "implausible" that one could cause a dent in a car by punching it. We do not find it implausible or incredible that a vehicle may be damaged by being struck with a hand. See, e.g. Cleveland v. Carroll, 8th Dist. No. 85690, 2005-Ohio-4997, at ¶ 9 (defendant used a fist to break off a side view mirror). We further point out that Fink testified he was "pretty angry" during the confrontation with Wolfe and had been drinking.
 {¶ 36} The second assignment of error is without merit.
 {¶ 37} In his third assignment of error, Fink argues that he received constitutionally ineffective assistance of counsel. Specifically, Fink claims trial counsel failed to impeach Wolfe's credibility through vigorous cross-examination and by introducing evidence of prior inconsistent statements contained in the police report.
 {¶ 38} The Ohio Supreme Court has adopted a two-part test to determine whether an attorney's performance has fallen below the constitutional standard for effective assistance. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal, 87 Ohio St.3d 378, 388-389,2000-Ohio-448, citing Strickland v. *Page 11 Washington (1984), 466 U.S. 668, 687-688. The failure to prove any one prong of this two-part test makes it unnecessary for a court to consider the other prong. Id. at 389, citing Strickland, 466 U.S. at 697.
 {¶ 39} Trial counsel's performance in the present case was neither deficient nor prejudicial. Fink's defense to the charge of Assault was self-defense. "Self-defense seeks to relieve the defendant from culpability rather than to negate an element of the offense charged."State v. Martin (1986), 21 Ohio St.3d 91, 94. Fink admitted to hitting Wolfe. The crucial issue was the reasonableness of Fink's belief in the imminence of the danger of bodily harm. As is evident from the first assignment of error, the trial court essentially accepted Fink's version of events when evaluating the self-defense claim and still found Fink had failed to establish the defense. Accordingly, there was no deficiency with respect to the Assault charge.
 {¶ 40} With respect to the Criminal Damaging charge, the trial court was confronted with the conflicting testimony of Fink and Wolfe. Fink maintains Wolfe's credibility could have been impeached with Deputy Mino's report. Fink fails, however, to identify material differences between Wolfe's trial testimony and Mino's report.[1] At trial, Wolfe testified he had gone to visit a friend on Stanhope-Kelloggsville Road "about having some tires changed." According to Mino's report, Wolfe was "helping a friend with some welding equipment." At trial, Wolfe testified that Fink hit him twice. According to the report, Fink punched Wolfe in the face and Wolfe turned to walk away. Fink then tried to kick Wolfe, but missed, rushed at Wolfe and punched him a second *Page 12 
time, causing the injury to his eye. At trial, Wolfe testified Fink "punched" the truck. According to the report, Fink "was hitting the truck with an unknown item."
 {¶ 41} These inconsistencies are of an inconsequential nature and are reconcilable with Wolfe's testimony at trial. Rather than impeaching Wolfe's credibility, the introduction of Mino's report would have strengthened the essential accuracy of Wolfe's testimony and further contradicted Fink's own trial testimony.
 {¶ 42} The third assignment of error is without merit.
 {¶ 43} For the foregoing reasons, the judgment of the Ashtabula County Court, Eastern Division, finding Fink guilty of Assault and Criminal Damaging is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] Deputy Mino's report is not part of the record before us, not having been introduced at trial. The report was delivered to defense counsel as part of the State's response to Fink's Request for Discovery and is quoted in Fink's Appellate Brief. *Page 1